PER CURIAM.
This appeal arises from a divorce action. At the end of the hearing appellant’s attorney prevailed upon appellant to enter into a property settlement. Subsequently, appellant tried to repudiate the settlement, saying she did not enter into it competently, freely and voluntarily and with an understanding and comprehension of the terms thereof.
Appellant retained another attorney in order to try to have the final judgment of divorce set aside. Her new attorney tried to introduce evidence going to appellant’s state of mind at the time she entered the previous settlement, but the chancellor refused to hear this evidence.
We feel the chancellor should have heard testimony regarding whether appellant knowingly, competently, freely and voluntarily entered the previous settlement. This case is therefore remanded to the trial court with instructions to hear such testimony and determine whether or not grounds exist to set aside the final judgment of divorce.
LILES, Acting C. J., and HOBSON and McNULTY, JJ., concur.